IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

C&L CONSTRUCTION COMPANY, INC., et al.,

        Plaintiffs,

v.          CIVIL ACTION NO. 2:04-0488

BB&T CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Branch Banking and Trust Company's (BB&T) Motion to Certify Question of Law or, in the Alternative, For Reconsideration [Docket 21]. The court has reviewed BB&T's memorandum in support of their motion, BB&T's supplement to the memorandum, and C & L Construction Company's (C&L) response. Accordingly, the court **DENIES** BB&T's Motion to Certify Question of Law or, in the Alternative, For Reconsideration.

**I.     Discussion**

BB&T argues that the court misapplied West Virginia law when the court held that the discovery rule is applicable to a U.C.C. conversion claim. For the reasons below, the court reaffirms its holding.

As stated in the order denying summary judgment, the West Virginia Supreme Court had held that "[t]he tolling of the statute of limitations under 'the discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition of its application." *Harris v. Jones*, 550 S.E.2d 93, 98 (W. Va. 2001). The court is not aware of one tort case in West Virginia in which the

West Virginia Supreme Court has declined to apply the discovery rule. I believe that the West Virginia Supreme Court would adopt reasoning similar to that in *UNR-Rohn v. Summit Bank of Clinton County*, 687 N.E.2d 235 (Ind. Ct. App. 1997). The question in *UNR-Rohn* was whether the discovery rule should apply to a U.C.C. conversion case. *Id.* at 240. The court's reasoning was identical to mine. *Id.* at 241. The Indiana Supreme Court previously held that the discovery rule applied to all torts. *Id.* at 241. The *UNR-Rohn* court held that since conversion is a tort, the discovery rule should apply to U.C.C. conversion. "To carve out an exception to the discovery rule in injuries to personal property involving conversion of negotiable instruments would be wholly incongruous and inconsistent with Indiana's system of jurisprudence." *Id.*

BB&T argues that the policy reasons of uniformity should weigh in favor of applying the majority view in the case at hand. I am not persuaded. While a majority of jurisdictions have refused to apply the discovery rule to U.C.C. conversion cases, a significant percentage of the decided cases adopt the discovery rule for U.C.C. conversion cases. *See Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 445 n.3 (7th Cir. 2005). Uniformity does not exist.

The court **DENIES** BB&T's motion to certify the question to the West Virginia Supreme Court.

BB&T also asks the court to consider whether as a matter of law that C&L should have discovered the conversion prior to their actual discovery. BB&T cites *Cart v. Marcum*, 423 S.E.2d 644 (W. Va. 1992), for the proposition that a defendant may be entitled to summary judgment when the facts are sufficiently clear to create no genuine issue of material fact as to whether a victim should have discovered a conversion prior to its actual discovery. I agree with BB&T that *Cart* stands for thiat proposition. A genuine issue of material fact exists, however, as to when C&L knew

or reasonably should have known that a conversion had taken place. The affidavit of Frank Moffitt states that in his view "C&L had a good, stable business with proper procedures and business practices, oversight and controls." The affidavit also states that Mr. Moffitt "did not have any reason to question [Jeff's] honesty or his loyalty to me, his family and C&L." Viewed in the light most favorable to C&L, the statements of Frank Moffitt provide a genuine issue of material fact. Accordingly, the court **DENIES** BB&T's motion to reconsider.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                      ENTER:       November 7, 2005

                                      JOSEPH R. GOODWIN
                                      UNITED STATES DISTRICT JUDGE